IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SMITH, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OFFICE OF | : | NO. 2:13-cv-5235 |
| PERSONNEL MANAGEMENT, | : | |
|     Defendant. | : | |

ORDER

AND NOW, this 21st day of January 2014, upon consideration of Plaintiff's Motion to Proceed Anonymously (Doc. No. 8), Plaintiff's declaration submitted to Defendant and the Court for *in camera* review, and Defendant's responses thereto (Doc. Nos. 12 & 38), it is hereby ORDERED that Plaintiff's motion is GRANTED.

I.     Factual Background[1]

Plaintiff John Smith (a pseudonym) brings this action against the U.S. Office of Personnel Management to challenge OPM's decisions: (1) to deny him benefits for a residential addiction treatment program; and (2) to approve federal health insurance plans, including his own, that do not cover non-hospital residential addiction treatment facilities.  Smith is an employee of a federal agency; at the time he filed the Complaint, he was on administrative leave from his job.  (Doc. No. 1, at 7, 8.)  Smith suffers from addiction to drugs and alcohol.  (See id. at 9.)  Smith's health insurance plan is provided through the Federal Employee Health Benefits Plan.  (Id.)

---

[1] The facts, and reasonable inferences drawn therefrom, are taken from the Complaint.  PG Publ'g Co. v. Aichele, 705 F.3d 91, 97 (3d Cir. 2013).  Page references reflect the page number assigned by ECF.

1

Currently pending before the Court is Smith's motion to proceed anonymously. Smith would like to proceed anonymously based on fear that disclosure of his identity would cause harm to himself and his family, violate federal and Pennsylvania confidentiality laws, and undermine the policy interests that support drug addiction treatment. (Doc. No. 8, at 3.) Defendant OPM does not object to Smith proceeding anonymously, as long as it can move to reveal his identity at the close of this litigation. (Doc. No. 38, at 2-3.)

II.     Discussion

Under Doe v. Megless, courts may exercise their discretion to permit parties to proceed anonymously upon showing "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." 654 F.3d 404, 408 (3d Cir. 2011) (internal quotation marks omitted). Courts in the Third Circuit "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." Id. We analyze six factors that weigh in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 409 (endorsing Judge Newcomer's test from Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)). And we consider three factors that disfavor anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

2

Id. This is a non-exhaustive list, and the district court should analyze any other factors presented in a particular case. Id. Even when the parties agree that a party may proceed anonymously, as they do in this case, we have an independent obligation to determine whether it is appropriate. Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist., No. 2:12-CV-1319, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012).

In this case, we find that the Megless factors support Plaintiff's request to proceed anonymously. First, his identity has been disclosed to this Court and to defense counsel. Doe v. United Behavioral Health, No. 10-5192, 2010 WL 5173206, at *2 (E.D. Pa. Dec. 10, 2010). Second, Plaintiff reasonably fears embarrassment to himself and his family if his identity is disclosed because of the societal stigma associated with addiction. Id. at 3. Third, the public has an interest in allowing those with a stigmatizing illness to sue. Id.; Provident Life & Acc. Ins. Co., 176 F.R.D. at 468. Fourth, the main issue in this case is a legal one. Freedom from Religion Found., Inc., 2012 WL 6629643, at *3. Fifth, Plaintiff has reasonable fears about the status of his current and future job prospects if his addiction is revealed. Sixth, nothing in the record suggests that Plaintiff has illegitimate ulterior motives. Doe v. Hartford Life & Acc. Ins. Co., 237 F.R.D. 545, 550-51 (D.N.J. 2006). Further, the factors that disfavor anonymity do not outweigh the pro-anonymity factors because Plaintiff is not a public figure, the public may continue to follow the proceedings without knowing Plaintiff's identity, and OPM does not oppose Plaintiff's request to proceed anonymously. Id.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.